IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
CIVIL DIVISION

**FOSTER CABLE SERVICES, INC., d/b/a U-PAS**          **PLAINTIFFS**

VS.                            70CR-2018-__313-6__

**JAMES ERIC DEVILLE AND T & D SOLUTIONS**          **DEFENDANTS**

---

### COMPLAINT
---

Comes now Foster Cable Services, Inc., d/b/a U-PAS, by and through their attorney, F. Mattison Thomas, III, and for this Complaint against James Eric Deville, does hereby state and allege the following:

1. Foster Cable Services, Inc. is the entire owner of separate entity, U-PAS.

2. Separate defendant, T & D Solutions, is a Louisiana corporation with sufficient ties to Arkansas as it relates to the subject matter of this lawsuit.

3. On or about the 12th day of February, 2017, plaintiffs entered into a Confidentiality Agreement Contract with separate defendant, James Eric Deville.

4. The subject matter of that contract, by agreement, placed the venue and jurisdiction for disputes under the contract in Union County, Arkansas Circuit Court and therefore, venue and jurisdiction of this matter are proper.

5. The contract calls for separate defendant, James Eric Deville, to keep certain information acquired through his employment with the plaintiff confidential. (See attached Exhibit "A")

FILED
06/15/18 @ 1:20 pm
CHERYL COCHRAN-WILSON, CLERK
BY_____D.C.

6. During the times in which separate defendant, James Eric Deville, was an employee of Foster Cable Services, Inc. and its subsidiary, U-PAS, the plaintiffs were in negotiations with third party, Claiborne Electric Co-Op (hereinafter "Claiborne Electric"), to provide services under a pole and line maintenance agreement.

7. On or about March 1, 2017, separate defendant, James Eric Deville, left his employment with Foster Cable Services, Inc. and began employment with separate defendant, T & D Solutions.

8. Shortly after separate defendant, James Eric Deville's departure, Claiborne Electric removed the plaintiffs as an engineering vendor and discontinued negotiations of the contract between plaintiff and Claiborne Electric.

9. Since that time, it has been discovered that T & D Solutions has obtained the contract with Claiborne Electric through the violation of the non-disclosure agreement, most notably disclosure of the name of the potential client, pricing, and other proprietary information as precluded by the non-disclosure contract as attached.

## **BREACH OF CONTRACT**

10. Due to the acts of separate defendant, James Eric Deville, the plaintiffs are damaged by the loss of the contract and the disclosure of proprietary information, all of which carry liquidated damages, as per the contract, in the amount of $10,000.00 per occurrence.

11.    It is the belief of the plaintiffs that the violations of this agreement have occurred in a number and manner in which plaintiffs are entitled to damages in excess of one million dollars ($1,000,000.00).

## TORTIOUS INTERFERENCE WITH A CONTRACT

12.    Separate defendant, T & D Solutions, has tortuously interfered with the contract between plaintiffs and separate defendant, JamesEric Deville, by accepting this information, even after being placed upon notice of the existence of the non-disclosure agreement and converting such information as which obtained from separate defendant, James Eric Deville, which constitutes tortious interference with a contract and subjects separate defendant, T & D Solutions, to damages in equal or in excess of those amounts which the plaintiff has suffered loss, all in excess of that which is required for diversity of jurisdiction.

## CONVERSION

13.    Separate defendants, James Eric Deville and T & D Solutions, have received confidential information which is protected by the contract and converted such information to their own use and benefit in such a manner as to interfere with the contract between plaintiff and Claiborne Electric. Such conversation of proprietary information and personal property has caused the plaintiffs to suffer damages in an amount in excess of that which is required for diversity of jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs pray that this Court enter an Order granting judgment against separate defendant, James Eric Deville, for violation of breach of contract and against separate defendants, James Eric Deville

and T & D Solutions, for tortious interference with a contract and conversion, all in an amount in excess of that which is required for diversity of jurisdiction, for attorney's fees, costs, and any and all other relief which this Court deems just and proper.

                                                F. MATTISON THOMAS, III
                                                Attorney at Law
                                                103 East Main Street, Suite D
                                                El Dorado, AR  71730
                                                Ph: 870-881-8468
                                                Fax: 870-881-8416
                                                Arkansas Bar No. 2002-007

# CONFIDENTIALITY AGREEMENT

This Non-Disclosure Agreement ("Agreement") is effective this __12th__ day of __February__, __2017__ or if left blank the date of last signature below ("Effective Date") by and between Foster Cable Services, Inc. (providing party) and its employees and/or subcontractors (recipient)

WHEREAS, Foster Cable Services, Inc. desires to disclose certain information to the undersigned and in turn receive the undersigned assistance in organizing and developing Foster Cable Services, Inc.'s business model up to and including a launch of Foster Cable Services, Inc.'s new business venture at a later date. Such disclosed information is vital to the success of Foster Cable Services, Inc. and shall be considered viable protected trade secrets which Foster Cable Services, Inc. has an interest to closely protect.

NOW, THEREFORE, in consideration of these premises and of the mutual promises herein, both parties agree as follows:

1. In consideration of the Information being supplied to the undersigned. Recipient agrees that all Information provided by either party is proprietary to each and has been designed, developed or accumulated by the party providing the information and is a trade secret and/or confidential information and is a unique asset and constitutes exclusive property of the providing party. Foster Cable Services, Inc. shall retain all common law, statutory, and other reserved rights related to the Information. Each party further agrees that any use of the Information, other than for the purpose set forth herein, would cause irreparable injury to Foster Cable Services, Inc.. The Information disclosed pursuant to this Agreement will include, but is not limited to Foster Cable Services, Inc.'s concepts, drawings, designs, and other related proprietary information.

2. The Recipient of any information shall:
a. protect the Information received from providing party from disclosure and use except as explicitly permitted herein with at least the same degree of care that Recipient employs for protection of its own confidential information but not less than commercially reasonable efforts;
b. limit its use of the Information received under this Agreement for the purposes set forth above, and no other purpose;
c. not use the Information for its own benefit or the benefit of others, unless otherwise agreed to in a separate written agreement, and not reverse engineer or create derivative works of any Information;
d. not, or allow any of its affiliates, owners, members, shareholders, employees, successors, or assigns to, utilize, photograph, copy, market, or reproduce any Information without the prior express written agreement of the providing party;
e. not disclose the Information to any other party;
f. limit access to the Information to only those of its employees and/or agents who (i) have a need to know such information to accomplish the purpose of this Agreement, as set forth above; (ii) have been advised of the confidential nature of such Information; and (iii) are bound by a similar obligation of confidentiality; and
g. advise providing party of any disclosure or use of the Information in contravention of this Agreement.


EXHIBIT A

With respect to such Information disclosed in writing (including electronic documents) or some other tangible form including, but not limited to pictures, videos, and/or other digital media, Recipient shall not duplicate such Information unless authorized by providing party in writing to do so and shall return all such Information to the providing party upon request together with any copies or, at providing parties election and approval, provide written certification of the destruction thereof. Any documentary information provided shall be stamped by the providing party with a stamp indicating the date provided and who the document was provided by.

3. Information, including written and electronically distributed Information, and Information disclosed orally, visually or learned by observation, shall be considered protected by this Agreement if it is marked with a legend indicating its confidential nature, or if it is stated to be confidential or the like at the time of disclosure or observation, or if it is reasonably understood to be confidential to the providing party.

4. The obligations under this Agreement shall not apply to any Information:
   a. that is required to be disclosed by law or judicial action provided that Foster Cable Services, Inc. receives notice of such request within three (3) business days of receipt of the request for disclosure such that it may seek reasonable legal remedies to prevent or minimize such disclosure and/or to obtain confidential treatment for such Information. Recipient agrees to cooperate with Foster Cable Services, Inc. with respect to the foregoing.

5. All obligations of secrecy and confidentiality and refraining from action shall survive the termination of this Agreement and shall have no time limit except as otherwise provided for herein. Specific Information shall not be deemed within any exception solely by virtue of more general information encompassing the specific Information falling within one or more exceptions, and Information comprising a combination of items that individually fall within one or more exceptions shall not be deemed within any exception unless the combination and its principles of operation fall within one or more exceptions.

6. Except as required by law, neither party shall not use the name of the providing party or reveal the existence of the discussions, negotiations, evaluations related to the subject matter of this Agreement to any third party without the express prior written consent of either party, unless otherwise agreed to in a separate written agreement.

7. This agreement is limited in purpose to protection of the Information and this Agreement and the parties' activities hereunder shall not be construed, expressly or impliedly, as a teaming agreement, joint venture, partnership, employment, other contractual relationship, or as any promise or intention to purchase any product or service or proceed with any transaction or other arrangement. No license of any kind, including but not limited to any patents or copyrights, is granted or implied by disclosure of the Information or any other information hereunder.

8. Any unauthorized use of this Information shall be punished by the fullest extent of applicable state and federal laws. This Agreement shall be construed in accordance with the laws of the State of Arkansas without regard to any conflict of laws principles. The parties hereto agree to submit to the jurisdiction of the U.S. Federal Court or Arkansas, Union County Circuit Court and in no other place, and waive any defense related to jurisdiction, venue or forum non-conveniens.

9. This Agreement may not be assigned by Recipient without the prior written consent of both parties.

10. In the event that any provision of this Agreement shall be held invalid or unenforceable for any reason, that provision shall be ineffective to the extent of such invalidity or unenforceability and such invalidity or unenforceability shall not affect any other provision of this Agreement which shall be interpreted to preserve (to the extent possible) the parties' original intent.

11. No modification or waiver of any provision hereof shall be valid unless expressed in writing signed by an authorized representative of each party, or shall any valid waiver in any instance or as to any part performance be deemed a waiver in any other instance or preclude a party from otherwise requiring full performance under this Agreement.

12. A copy of this Agreement, including a facsimile copy, shall be considered as an original for all intents and purposes, including copies and facsimiles of signatures. For the convenience of the Parties and to facilitate execution, this Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. The persons executing this Agreement represent and warrant that they have the authority to bind the respective organization for which they are signing.

13. Liquidated Damages: It agreed by the parities that any breach of this agreement shall be sufficiently damaging to Foster Cable Services, Inc. to justify an award of liquidated damages in the amount of $10,000 per occurrence, and undersigned acknowledges the sufficiency of the protected trade secrets and the adequacy and fairness of this clause.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed in duplicate originals by their duly authorized representatives.

Recipient                                   Foster Cable Services, Inc.

By: _____              By: _____